# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **DENNIS LAZARD** | **CASE NO. 6:21-CV-04042 LEAD**<br>**6:21-CV-04067 (MEMBER)** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **PABLO ESTRADA ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Pending before the Court are the Motions to Dismiss Penalty, Punitive, or Exemplary Damages (Rec. Doc. 7 in Civil No. 6:21-CV-04042 and Rec. Doc. 5 in Civil No. 6:21-CV-4067) filed on behalf of Defendant, Pablo Estrada. Defendants seek dismissal of Plaintiff's claims against them for penalty, punitive, or exemplary damages. Plaintiff opposed the motions. (Rec. Doc. 25). The motions were referred to this Court for report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. For the following reasons, it is recommended that Defendant's Motions to Dismiss be GRANTED.

## BACKGROUND

Plaintiff asserts claims pursuant to 42 U.S.C. §1983 and §1988 following his arrest on November 27, 2020 for alleged domestic abuse. He asserts claims for excessive force and unlawful arrest, and tort claims against the arresting officer, Defendant Officer Estrada, individually and in his official capacity, and Lafayette

City-Parish Consolidated Government (LCG).[1] (case 4042, Rec. Doc. 1). In addition to compensatory and general damages, Plaintiff also seeks punitive damages. (Rec. case 4042, Doc. 1, ¶13; ¶Xf; case 4067, Doc. 1, ¶IX).

## LAW AND ANALYSIS

### A. The Applicable Standard.

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677

---

[1] Plaintiff filed a separate lawsuit through separate counsel arising out of the same alleged incident. The subsequent suit, Civil No. 6:21-CV-04067, was consolidated with the instant case. Plaintiff's claims in the subsequent suit are essentially the same as in this suit, except that the subsequent suit named Chief Glover, in his official capacity, as defendant. See Rec. Doc. 1 in Civil No. 6:21-CV-04067.

F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

### B. <u>Availability of Punitive Damages.</u>

The United States Supreme Court held unequivocally that "[a] municipality is immune from liability for punitive damages in a §1983 action." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270–71 (1981). See also *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119 (2003); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984)). Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability." *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)). On the other hand,

punitive damages are recoverable against municipal employees who are sued in their individual capacities pursuant to a §1983 claim. *Smith v. Wade*, 461 U.S. 30, 35 (1983), and *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003)).

Lafayette City-Parish Consolidated Government is, by definition, a municipality, and the City's police department is an agency of that municipality. Therefore, Plaintiff is barred from recovering punitive damages from LCG. To the extent Plaintiff asserts claims against Officer Estrada, Chief Glover, or other officers in their official capacities, such claims are likewise barred. Thus, the Court recommends that Defendant's motion to dismiss, which seeks dismissal of Plaintiff's claims for punitive damages against LCG and the officers in their official capacities, be granted.

Defendants have also moved to dismiss Plaintiff's claims for punitive damages under state law. Under Louisiana law punitive damages are not recoverable in civil cases absent a specific statutory provision authorizing recovery of punitive damages. *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988). Plaintiff did not set forth any Louisiana law applicable to punitive damages that might be recoverable in this case.[22] Accordingly, the Court

---

[22] Punitive damages are potentially available in the following cases, none of which apply here: child pornography (La. C.C. art. 2315.3), drunk driving (La. C.C. art. 2315.4), sexual abuse of a child (La. C.C. art. 2315.7), domestic violence (La. C.C. art. 2315.8), interception, disclosure or use of certain wire/oral communications (La. R.S. 15:1312), and

4

recommends granting of Defendant's motion to dismiss Plaintiff's claims for punitive damages under state law.

## CONCLUSION

For the reasons discussed herein, it is recommended that Defendant's Motions to Dismiss Penalty, Punitive, or Exemplary Damages (Rec. Doc. 7 in Civil No. 6:21-CV-04042 and Rec. Doc. 5 in Civil No. 6:21-CV-4067) be GRANTED. Plaintiff's claims for punitive damages against Officer Estrada in his individual capacity under federal law shall be allowed to proceed.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

---

instances in which punitive damages would be available pursuant to Louisiana's conflict of laws (La. C.C. art. 3546). All of the parties in this case are Louisiana domiciliaries and the alleged incident was in Louisiana, such that the conflict of laws provision is inapplicable.

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 4th day of March, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE